# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Civ. No. 11-714 (RHK/SER)

James E. Moore and Tim McGough, as
Trustees of the Carpenters & Joiners Welfare
Fund, Twin City Carpenters Pension Master
Trust Fund, and Twin City Carpenters Vacation
Fund; James E. Moore as Trustee of the
Carpenters and Joiners Apprenticeship and
Journeymen Training Trust Fund, and each of
their successors,

                    Plaintiffs,                    **FINDINGS OF FACT,
                                                    CONCLUSIONS OF LAW, AND
vs.                                                 ORDER FOR DEFAULT
                                                    JUDGMENT ON LIABILITY**

Paul's Architectural Woodcraft Company Inc., a/k/a
Paul's Architectural Woodcraft Co./ Mouldings
Plus and Matthew Benson, individually,

                    Defendants.

This matter came before the Court on the Motion for Default Judgment (Doc. No.
10) brought by Plaintiffs.  Having carefully considered the Motion, and all the files,
records, and proceedings herein, the Court makes the following:

## FINDINGS OF FACT

1.      The Summons and Complaint were filed with the Court on March 23,
2011.  Service was accomplished upon Defendants on March 24, 2011.

2.      Defendants have failed to file and serve a response or Answer to the
Complaint.  An Amended Application for Entry of Default and Amended Affidavit of
Amanda R. Cefalu in support of the Application for Entry of Default were filed with the
Court on May 18, 2011.

3.     Plaintiffs are trustees and fiduciaries of the above-referenced funds (hereinafter "Funds").  The Funds are multi-employer plans as defined by 29 U.S.C. § 1002(37).  They are established to provide, *inter-alia*, pension, health and welfare vacation benefits and training to employees doing carpentry work in the construction trades, and are maintained for the benefit of workers pursuant to a Collective Bargaining Agreement.

4.     Defendants are bound to the terms of a Collective Bargaining Agreement between the North Central States Regional Council of Carpenters and Associated General Contractors of Minnesota and Minnesota Drywall and Plaster Association.

5.     The Collective Bargaining Agreement requires employers to make fringe benefit contributions to the Funds in accordance with its terms.  These contributions must be made on behalf of each bargaining unit employee as defined in the Collective Bargaining Agreement in amounts set forth and agreed upon therein.  The Collective Bargaining Agreement requires employers to contribute every month, not later than the fifteenth (15th) of the following month, such sums for Pension, Health and Welfare, Vacation, Dental, Apprenticeship, and Promotion Funds as they may be established, an amount for each hour worked by all employees covered by the Collective Bargaining Agreement.

6.     The Collective Bargaining Agreement and Trust Agreements provide that an employer is liable for an additional 10% of all contributions, which are not timely submitted, for liquidated damages, and also provides that Plaintiffs are entitled to their attorneys' fees and costs.

2

7.      Defendants breached their obligation under the Collective Bargaining Agreement by failing to timely submit the fringe fund reports and contributions for the months of December 2010 through March 2011.

8.      After this lawsuit commenced, Defendants made the payment on the outstanding contributions in the amount $22,793.74 for the months of December 2010 and January 2011.

9.      In May 2011 Defendants also submitted those overdue payroll reports for the months of February 2011 and March 2011, which reflected contributions due and owing in the amount of $24,083.49.

10.     Defendants failed to remit outstanding contributions pursuant to the February 2011 and March 2011 reports in the amount of $24,083.49.

11.     Defendants have to date failed to submit the monthly fringe benefit report forms due for the months of April, May and June, 2011.  Without these reports Plaintiffs are not able to ascertain their damages.

12.     The Collective Bargaining Agreement provides that Plaintiffs are entitled to their reasonable attorneys' fees and costs of this action.

## CONCLUSIONS OF LAW

1.      Defendants are in default, and Plaintiffs are entitled to Entry of Default Judgment.

2.      Defendants are liable to Plaintiffs for all fringe benefit contributions owed pursuant to the terms of the Collection Bargaining Agreement for the months of December 2010 through June 2011, liquidated damages, and attorneys' fees and costs incurred in collecting the delinquency.

3

3.      Defendants are liable in the amount of $24,083.49 for contributions due pursuant to the February 2011 and March 2011 reports submitted voluntarily by Defendants.

4.      Defendants are liable in the amount of $4,620.42 in liquidated damages for untimely payments of fringe fund contributions pursuant to the reports submitted by Defendants for the months of December 2010 through March 2011.

5.      The fact of liability has been conclusively established and the only outstanding issue is the amount of damages owed by Defendants.

## ORDER

**IT IS ORDERED**:

1.      That Plaintiffs' Motion for Default Judgment (Doc. No. 10) is **GRANTED**;

2.      Defendants are liable for $28,703.91 for outstanding contributions and liquidated damages for the months of December 2010 through March 2011;

3.      Defendants are **ORDERED** to submit fringe benefit report forms for the months of April, May and June 2011 to Plaintiffs within ten (10) days of the date of this Order.  The reports shall be submitted to the Plaintiffs' agent at Wilson-McShane Corporation, 3001 Metro Drive, Suite 5000, Minneapolis, MN 55425;

4.      Defendants are entitled to their reasonable attorneys' fees and costs incurred in the collection of unpaid contributions and liquidated damages pursuant to 29 U.S.C. §1132(g).

5.      Upon receipt of the outstanding reports, Plaintiffs may move the District Court for the entry of a money judgment for all unpaid fringe benefit contributions and

liquidated damages owed for the period of December 2010 through June 2011, plus reasonable attorneys' fees and costs.

Dated: July 21, 2011                    s/Richard H. Kyle
                                        RICHARD H. KYLE
                                        United States District Judge